# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

No. 05-11003
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICHARD BOULDIN, also known as Waco

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-11-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Bouldin appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute a controlled substance. First, he asserts that the district court clearly erred in calculating the quantity of drugs attributable to him. The district court heard testimony from witnesses that supported its finding that between 500-1500 grams of cocaine were sold as part of the jointly undertaken criminal activity that included Bouldin. As the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's finding is plausible in light of the record as a whole, it is not clearly erroneous. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Bouldin also argues that because the drug quantity for sentencing greatly exceeded the amount involved in the offense for which he was convicted, the district court should have used a higher standard of proof than the customary preponderance-of-the-evidence standard to determine his base offense level. Although Bouldin is correct that we have previously suggested that there may be circumstances when relevant conduct has so greatly increased the sentence that a higher standard of proof must apply, this is not such a case. See United States v. Carreon, 11 F.3d 1225, 1240 (5th Cir. 1994) .

Next, Bouldin contends that the two-level enhancement he received for possessing a firearm was unreasonable. The court's finding that Bouldin possessed a firearm in connection with the sale of controlled substances is plausible in light of the record, and the application of the enhancement was not clearly erroneous. See Caldwell, 448 F.3d at 290; United States v. Sotelo, 97 F.3d 782, 799 (5th Cir.1996); U.S.S.G. § 2D1.1(b)(1) .

Bouldin asserts that the district court erred in concluding that he failed to clearly demonstrate his acceptance of responsibility. Bouldin frivolously asserted during the sentencing hearing that he was responsible for only nine grams of crack cocaine. As there was a foundation for the district court's determination that Bouldin failed to demonstrate his acceptance of responsibility, its finding to that effect is not clearly erroneous. See United States v. Medina-Anicacio, 325 F.3d 638, 648 (5th Cir.2003); United States v. Washington, 340 F.3d 222, 227-28 (5th Cir.2003).

Finally, Bouldin argues that, for a variety of reasons, his sentence was unreasonable. Because Bouldin was sentenced within the properly calculated guidelines range, his sentence is presumptively reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Moreover, because the sentence was within the properly

calculated guidelines range, it is inferred that the district court considered the 18 U.S.C. § 3553(a) factors. See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Bouldin's sentence is AFFIRMED.